508 F.2d 1145
 UNITED STATES of America, Appellee,
v.
David BOHN, Appellant.
UNITED STATES of America, Appellee,
v.
Vernon J. KLEVE et al., George M. Patterson and Max
Weisberg, Appellants.
UNITED STATES of America, Appellee,
v.
Dick RANDAZZA and Joseph Sierbinski, Appellants.
 Nos. 73-1271, 73-1299, 73-1182 and 73-1183.
 United States Court of Appeals, Eighth Circuit.
 Submitted Sept. 12, 1973.
Decided Jan. 3, 1975, Certiorari Denied April 28, 1975, See
95 S.Ct. 1676.
 
 Ronald I. Meshbesher, Minneapolis, Minn., for appellant, Bohn.
 Ronald L. Haskvitz, Minneapolis, Minn., for appellants, Kleve, Patterson, and Weisberg.
 George R. Ramier, Minneapolis, Minn., for appellants, Sierbinski and Randazza.
 Thorwald Anderson, Asst. U.S. Atty., Minneapolis, Minn., for appellee.
 Before HEANEY, STEPHENSON and WEBSTER, Circuit Judges.
 HEANEY, Circuit Judge.
 
 
 1
 Vernon Kleve, George Patterson, Max Weisberg, Joseph Sierbinski, Dick Randazza and David Bohn[1] were convicted by the court of conspiring and of engaging with five or more persons in conducting, financing, managing, supervising and directing an illegal[2] gambling business from February 18, 1971 to June 18, 1971, in violation of 18 U.S.C. 1955 and 371.
 
 
 2
 Kleve and Patterson were sentenced to eighteen months on each count; Bohn was sentenced to one year on each count; and Weisberg, Sierbinski and Randazza were sentenced to six months on each count. The judge ordered that the sentences of each defendant be served concurrently.
 
 
 3
 Numerous common issues are raised by the defendants. Many of these issues have been answered adversely to the defendants in recent opinions of this Court. We have held in cases factually similar to this one that the government's failure to correctly identify the officer who in fact authorized application for wiretap orders pursuant to 18 U.S.C. 2518(1)(a) does not require suppression of evidence obtained through wiretapping, United States of America v. John et al., 508 F.2d 1134 (8th Cir. 1974); United States of America v. Schaefer et al., 510 F.2d 1307 (8th Cir. 1975); United States of America v. Thomas et al., 508 F.2d 1200 (8th Cir. 1975); United States v. Brick, 502 F.2d 219 (8th Cir. 1974); United States v. Cox, 462 F.2d 1293 (8th Cir. 1972), that it is not necessary to remand cases to the District Court to test whether Attorney General Mitchell in fact authorized the application for the wiretap order,[3] United States of America v. John et al., supra; United States v. Brick, supra, and that absent a clear showing of prejudice, a failure to comply with the notice and inventory requirements of 18 U.S.C. 2518(8)(d) does not require suppression of wiretap evidence, United States v. Wolk, 466 F.2d 1143 (8th Cir. 1972). We follow those decisions here, and hold that similar contentions raised by the appellants here are without merit.
 
 
 4
 It is not necessary for us to consider whether it was proper to convict each defendant of conspiracy as well as the substantive offense, because all defendants were given concurrent sentences on each count and no showing has been made that adverse consequences will flow from the application of the concurrent sentences.[4]
 
 
 5
 Appellants Kleve, Patterson and Weisberg challenge the constitutionality of 18 U.S.C. 1955. They contend that the term 'conduct,' which identifies those persons to be included wihtin the 'five or more' requirement of the statute, is ambiguous and violative of due process on the ground of vagueness. The Third and Ninth Circuits have upheld that constitutionality of 18 U.S.C. 1955 against this challenge. We agree with the results there reached. See United States v. Sacco, 491 F.2d 995 (9th Cir. 1974); United States v. Riehl, 460 F.2d 454 (3rd Cir. 1972).
 
 
 6
 There is no merit to the contention of Randazza and Sierbinski that the trial court's special findings of fact were inadequate under Federal Rule of Criminal Procedure 23(c). While the special findings made at their request are sketchy, they are sufficiently complete to satisfy the minimum requirements of the rule. We can discern therefrom the legal and factual basis of the trial court's verdict. Moreover, we are convinced, notwithstanding their conclusory allegations to the contrary, that the appellants' ability to appeal all assignments of error was not impaired. See United States v. Livingston, 459 F.2d 797, 798 (3rd Cir. 1972) (en banc).
 
 
 7
 There is little merit to the contentions of Kleve, Patterson and Weisberg that the affidavits in support of a warrant to search Apartment 103, University Apartments, 1414 Third Street, South, Minneapolis, Minnesota, and in support of a warrant for their arrest, failed to state facts sufficient to establish a probable violation of 1955. The affidavits in support of the search and arrest warrants were signed on June 21, 1971, by George Anderson, a Special Agent of the Federal Bureau of Investigation. The affidavits were presented to the same magistrate. When read together, the affidavits clearly show probable cause for believing that Kleve, Patterson and Weisberg operated a 'book,' and that Evelyn Kleve worked with them in the operation of the book. The affidavits also set forth probable cause for believing that the 'Kleve book' received and exchanged 'line information' and accepted wagers and layoff bets from other bookmakers, including Randazza and Bohn. Anderson recited that he had obtained this information from personal observation, from court-approved telephonic interceptions, see United States v. Kleve, 465 F.2d 187 (8th Cir. 1972), and from informants who had furnished reliable information to him in the past on gambling matters and who had personally used the telephone to place bets with the Kleve book in the period immediately preceding the request for the warrants. The affidavits thus gave probable cause to believe that five or more persons were conducting a gambling operation in violation of 1955 in Apartment 103. It follows that the search and arrest warrants were clearly valid as to those who directly conducted the Kleve book, i.e., Kleve, Patterson and Weisberg.
 
 
 8
 There is more of a question with respect to Bohn. We believe that the affidavits, when read together, show probable cause for arresting him for violating 1955. They can reasonably be read as stating that Bohn was a bookmaker, who received 'line information' from the Kleve book and placed layoff bets with that book on May 12, 1971. For these reasons, Bohn would, under the theory adopted by the court below and hereinafter approved by this Court, be considered as one of five or more persons conducting and financing an illegal gambling business within the meaning of 1955.
 
 
 9
 There is more than sufficient evidence to sustain the convictions of Kleve, Patterson and Weisberg on the substantive count. They were admitted bookmakers who engaged in every activity common to that occupation. Their claim on appeal is that their bookmaking business was not so extensive as to be prohibited by 1955, since that statute covers only businesses involving five or more persons. Specifically, they challenge the government's theory that otherwise independent bookmakers who 'layoff' bets and exchange line information with their book can be counted in determining whether a gambling business involving five or more persons was being operated. They also claim that the government has failed to establish that the 'Kleve book' in fact laid off bets with other bookmakers or exchanged line information with other bookmakers.
 
 
 10
 The challenge to the government's theory must fall. This Court, with Judge Lay dissenting, recently held that:
 
 
 11
 The interdependence of the various individual components, including the sharing of line information and the exchanging of profits through layoff betting, outweighs the 'independent businessmen' theory urged by appellants and satisfies us that there was one 'illegal gambling business' here for the purposes of 18 U.S.C. 1955. * * *
 
 
 12
 United States of America v. Schaefer et al., supra, 510 F.2d at 1312.
 
 
 13
 The claim of Kleve, Patterson and Weisberg that the book they operated did not deal with at least two other bookmakers must also fall because the evidence shows that they dealt with Bohn an Randazza, who also operated books.
 
 
 14
 There is more than sufficient evidence to sustain the conviction of Bohn on the substantive count. The wiretap transcripts reveal that Bohn received line information and placed layoff bets by telephone with the Kleve book on May 11 and 12, 1971. These conversations, according to the testimony of a government expert on cross-examination, were typical of those between bookmakers. When Bohn was arrested, two documents-- a marked bottom sheet and a marked sports program of coming events-- were found in his possession. Both documents, according to the same government expert witness, were records of the type commonly kept by bookmakers. Records found in the Kleve book supported this expert testimony.
 
 
 15
 There is also more than sufficient evidence to support the conviction of Randazza on the substantive count.
 
 
 16
 There is not sufficient evidence to sustain the conviction of Sierbinski on either the substantive or the conspiracy count. Giving the government the advantage of every permissible inference, it simply failed to make out its case. The only evidence with respect to Sierbinski is that he called the Kleve book on three occasions. During these calls, no line information was exchanged and no bets, layoff or otherwise, were made. All of the conversations concerned the payment by Sierbinski to the Kleve book of a sum of $168.00. While it can be inferred from the record that this money was owed because of one or two bets which Sierbinski had placed with the Kleve book, the conversations were not specifically categorized by the government's expert as being those of a bookmaker laying off his bets with another bookmaker. None of the terminology symbolic of layoff betting was used by Sierbinski or the Kleve book in any of the conversations. The government argues that the conversations indicate that at least $50.00 of the bet was placed with the Kleve book by Sierbinski for another party. They would have us hold that this single fact is sufficient to classify Sierbinski as a bookmaker and to sustain his conviction on the basis of this classification. We are unwilling to go that far.
 
 
 17
 The government further contends that in one of the conversations, the Kleve book and Sierbinski discussed two other individuals-- an 'Ollie' and an 'Azar.' We have read the conversations with respect to these men carefully and find nothing in them which would strengthen the government's contention. Assuming that 'Ollie' and 'Azar' were bookmakers, that fact does nothing to strengthen the government's contention that Sierbinski was a bookmaker who exchanged line information and made layoff bets with the Kleve book.
 
 
 18
 Appellant Bohn alleges error in the refusal of the trial judge to grant his motion for a new trial pursuant to Rule 33 of the Federal Rules of Criminal Procedure. The motion was based on the post-conviction affidavits of Weisberg and Patterson that stated their willingness to testify that, to the best of their knowledge, Bohn was a bettor and not a bookmaker. The granting or denial of a new trial motion is a matter within the broad discretion of the trial judge that rests upon factual and credibility determinations. United States v. Stewart, 445 F.2d 897, 899 (8th Cir. 1971). On the basis of the record before us, we cannot say that the trial judge abused his discretion here.
 
 
 19
 We affirm the District Court judgment of conviction as to Kleve, Patterson, Weisberg, Randazza and Bohn. We reverse its judgment with respect to Sierbinski.
 
 
 
 [1]
 Neil Thomas Naftalin, Peter Cohen, John Ruberto, Vivian (Peg) E. Ruberto and Evelyn D. Kleve were also charged in the same indictment. The government dismissed the charges against Neil Thomas Naftalin and Peter Cohen. The others were found guilty of both counts of the indictment and have not appealed
 
 
 [2]
 The activities were illegal under Minnesota law, M.S.A. 609.76
 
 
 [3]
 The author adheres to his dissent in United States of America v. Thomas et al., 508 F.2d 1200 (8th Cir. 1975), but accepts the decision of the Court as binding on this panel
 
 
 [4]
 This case is, therefore, unlike United States of America v. Schaefer et al., Nos. 73-1506, 73-1526, 73-1538, 73-1577, 73-1578, 73-1611 and 73-1617, 510 F.2d 1307 (8th Cir. 1975), where consecutive sentences were given to a number of defendants. There, we reversed the conspiracy convictions on the ground that the conspiracy consisted of nothing more than an agreement which the defendants performed by the commission of the substantive offense and that, therefore, the charge was violative of the Fifth Amendment command against double jeopardy