**UNITED STATES of America,**
**Appellant,**

**v.**

**George Russell VAN KIRK, Appellee.**

**No. 90–5236ND.**

United States Court of Appeals,
Eighth Circuit.

Submitted Dec. 12, 1990.

Decided June 5, 1991.

Rehearing and Rehearing En Banc
Denied Aug. 2, 1991.

Robert J. Erickson, Washington, D.C., for appellant.

William D. Yuill, Fargo, N.D., for appellee.

Before McMILLIAN and FAGG, Circuit Judges, and ARNOLD,* District Judge.

## MORRIS SHEPPARD ARNOLD, District Judge.

George Van Kirk was tried on a four-count indictment charging him with violation of 18 U.S.C. § 641, conversion of government property, namely attempting to sell a fire hose which was the property of the Grand Forks Air Force Base ("GFAFB"), where he was employed as fire chief (Count One); inducing Richard Arries to destroy or conceal records with intent to impair their use in official proceedings in violation of 18 U.S.C. § 1512 (Count Two); tampering with a witness in violation of 18 U.S.C. § 1512 through dealings with William Niswonger and efforts to influence Mr. Niswonger's grand jury testimony (Count Three); and making false statements to a federal investigator in violation of 18 U.S.C. § 1001 (Count Four). After trial by jury Van Kirk was convicted on Count Three; however, the jury acquitted him on Count Two and was unable to reach a verdict as to Count One. The district court had entered a judgment of acquittal on Count Four at the conclusion of the government's case in chief.

After the verdicts were rendered, defendant moved for judgments of acquittal as to Counts One and Three, or, in the alternative, for a new trial as to Count Three. The district court denied the motion for judgments of acquittal but granted the motion for a new trial as to Count Three on the ground that the jury should have been instructed on an entrapment defense. The government filed this appeal, contending that the district court erred in granting a new trial on these grounds when Van Kirk neither requested an entrapment instruction nor attempted at trial to argue the substance of that defense. We agree with the government and therefore reverse and remand for reinstatement of the witness-tampering verdict and for sentencing.

*The HONORABLE MORRIS S. ARNOLD, United States District Judge for the Western District of

## I.

The defense evidence, which included the testimony of senior Air Force officers and of two fire chiefs stationed at other Air Force bases, portrayed Van Kirk as a strong fire chief, with an excellent reputation for truth and honesty (Tr. 681–82, 700–01, 776, 805, 1029) who sometimes stepped on the toes of the Corps of Engineers in performing his duties. Thus with regard to the charges of attempting to sell the used fire hose (Count One), the defendant presented evidence that he intended to trade a 4-inch hose in order to obtain 5-inch appliances needed for a new 5-inch hose that GFAFB had acquired (Tr. 720, 722, 757, 913–16, 1031–32). Although it was permissible to trade in equipment, the fire chief at Ellsworth Air Force Base testified that the procedures were highly complicated and difficult to follow without creating a false appearance of wrongdoing. So, too, both GFAFB officers and the fire chiefs at two other Air Force bases substantiated appellee's testimony that his dealings with the contractors were proper actions that benefited the Air Force and were at worst poor judgment (Tr. 549–64, 696–97, 797–98, 1060). Apparently some jurors were not convinced by this evidence for they were unable to reach a verdict on this charge.

With regard to Count Three, the defendant denied that he had intended to intimidate or corruptly persuade Mr. Niswonger to lie or to conceal documents (Tr. 925–28, 998, 1013–14). Through examination of both Van Kirk and Mr. Niswonger, defense counsel attempted to elicit innocent explanations for incriminating statements by Van Kirk which had been recorded by Mr. Niswonger. According to Van Kirk, his intention had simply been to urge Mr. Niswonger to support him as much as possible without lying (Tr. 1013). At no time in opening or closing arguments did defense counsel urge that Van Kirk should be acquitted as to Count Three because he was

Arkansas, sitting by designation.

entrapped. In fact, defense counsel alluded to entrapment only once during the trial, and then out of the hearing of the jury when he moved at a bench conference to strike Mr. Niswonger's testimony on the ground that he was a government agent and had entrapped Van Kirk (Tr. 623–24). The district court denied this motion (Tr. 626).

In ruling on Van Kirk's motion for a new trial as to Count Three, the district court found that "[c]ircumstances surrounding the tapes ... preponderated sufficiently heavily against the verdict that a serious miscarriage of justice may have occurred ... and that an entrapment defense existed, yet the jury was not instructed on the defense." The court explained that Mr. Niswonger's repeated requests for advice as to how he should answer questions put by the grand jury "call[ed] into question whether [Van Kirk] had the subjective intent to obstruct justice." Accordingly, the district court, under Rule 33 of the Federal Rules of Criminal Procedure, ordered a new trial on the witness-tampering charge, finding that the jury should have been "afforded the opportunity to consider whether [the defendant] would have obstructed justice had it not been for the enticement of Niswonger."

## II.

Defense counsel, in both opening and closing statements, outlined a unified defense that focused on showing: (1) that the fire hose had not been unlawfully converted (Tr. 17); (2) that Mr. Niswonger was unworthy of belief (Tr. 16, 1136–38, 1146); (3) that appellee's relation with various contractors was entirely above-board (Tr. 1139–42); (4) that appellee did not intimidate or seek corruptly to persuade either Mr. Arries or Mr. Niswonger (Tr. 1126–27, 1147); and (5) that appellee was a person who enjoyed a reputation for truth and honesty (Tr. 18–19, 1147). As we have noted, defense counsel developed these themes both during the cross-examination of government witnesses and the presentation of defense witnesses. Van Kirk neither relied on an entrapment defense in

questioning witnesses nor requested that the jury be instructed on it. His counsel, after trial, asserted that he simply forgot to ask for such an instruction.

■ Defendant urges us first to affirm the trial court's decision under the auspices of the plain error rule, Rule 52(b) of the Federal Rules of Criminal Procedure. The " 'plain error rule should be applied with caution and should be invoked only to avoid a clear miscarriage of justice.' " *Johnson v. United States*, 362 F.2d 43, 46 (8th Cir. 1966), quoting *Gendron v. United States*, 295 F.2d 897, 902 (8th Cir.1961). I do not believe that this record contains matter from which the district court could have reasonably concluded that there had been "a clear miscarriage of justice" in the trial of this case. I am of this view because a competent defense lawyer could well have concluded that urging an entrapment defense as to Count Three would have undermined the effort to avoid all the charges on the ground that the defendant was simply not guilty. The defense of entrapment and factual innocence are contradictory defenses, and while they may of course be simultaneously pursued, *see Mathews v. United States*, 485 U.S. 58, 62, 108 S.Ct. 883, 886, 99 L.Ed.2d 54 (1988), doing so involves serious risks of impairing or destroying a defendant's credibility with the trier of fact. Whatever may have been the subjective intentions of counsel in this case, since an objectively competent attorney could have deliberately eschewed an entrapment instruction I conclude that there cannot have been "a clear miscarriage of justice" in this case.

■ For the same reasons, it was error for the trial court to grant the defendant a new trial. Rule 33 allows a trial judge to grant a new trial "if required in the interest of justice." I decline to hold that the interests of justice could require a new trial when a decision not to pursue an entrapment defense could have just as well resulted from strategic decision-making as from counsel's forgetfulness.

■ I am mindful that district courts ordinarily have broad discretion in passing

upon motions for new trial and that their rulings are subject to reversal only for a clear abuse of that discretion. *See, e.g., United States v. McBride,* 862 F.2d 1316, 1319 (8th Cir.1988); *Vassar v. Solem,* 763 F.2d 975, 979 (8th Cir.1985). That standard of review makes it difficult not to affirm a trial court's decision, when, as is frequently the case, the motion for a new trial is based on the sufficiency of the evidence. In such cases, the trial judge has heard the evidence and is most obviously in the best position to assess its force and effect. But that is not this case: We have here a situation that does not call for deference to the trial court. The question is simply whether justice could require a new trial under the circumstances adumbrated above, and I conclude that it could not.

I would therefore reverse the district court and remand for reinstatement of the witness-tampering verdict and for sentencing.

FAGG, Circuit Judge, concurring.

I agree the district court committed error in ordering a new trial; however, I reach this result for a different reason than Judge Arnold. The district court wrongly set aside Van Kirk's witness-tampering conviction on the mistaken belief the jury should have been given an entrapment instruction. In my view, an entrapment instruction was unnecessary because the evidence at trial was insufficient to support that defense.

It is well established that an entrapment instruction need not be given when a defendant claiming the defense fails to produce evidence sufficient for a reasonable jury to find government inducement and a lack of predisposition. *Mathews v. United States,* 485 U.S. 58, 62–63, 108 S.Ct. 883, 886–87, 99 L.Ed.2d 54 (1988); *United States v. Grimes,* 899 F.2d 731, 732 (8th Cir.), *cert. denied,* —— U.S. ——, 111 S.Ct. 521, 112 L.Ed.2d 532 (1990). Nothing in the record before the court suggests Van Kirk lacked

the predisposition to tamper with a grand jury witness. Indeed, in response to "Niswonger's repeated requests for advice as to how he should answer questions put by the grand jury," at 933–34, Van Kirk affirmatively pressed Niswonger to lie to the grand jury and conceal relevant records. At most, Van Kirk's recorded statements show the government provided Van Kirk an opportunity to corrupt Niswonger; however, this kind of evidence is insufficient to support an entrapment defense. *Mathews,* 485 U.S. at 66, 108 S.Ct. at 888.

Because Van Kirk failed to offer evidence of entrapment "sufficient for a reasonable jury to find in his favor," *id.* at 63, 108 S.Ct. at 887, no instruction on this defense was necessary. For this reason, the district court's order granting a new trial must be reversed. I thus concur in the result reached by Judge Arnold.

McMILLIAN, Circuit Judge, dissenting.

I respectfully dissent. I would defer to the decision of the district court. In the instant case, the district judge, who, having presided over the trial, is in a far better position to know the atmosphere and climate during the course of the proceedings, granted appellee a new trial. In so doing, the district court found that the "[c]ircumstances surrounding the tapes ... preponderated sufficiently heavily against the verdict that a serious miscarriage of justice may have occurred ... and that an entrapment defense existed, yet the jury was not instructed on the defense." *United States v. Van Kirk,* No. C2–89–97, slip op. at 5 (D.N.D. Apr. 3, 1990). In addition, as the district court noted, Mr. Niswonger's repeated requests for advice as to how he should answer questions put by the grand jury,[1] "call into question whether [appellee] had the subjective intent to obstruct justice." *Id.* at 7. This observation clearly demonstrates the serious concerns that the district judge had about the outcome of the trial.

1. In one conversation, Niswonger asked appellee nineteen times for advice on how to answer investigators' questions.

Rule 33 or the Federal Rules of Criminal Procedure provides that the district court "on motion of a defendant may grant a new trial to that defendant *if required in the interest of justice.*" (emphasis added). The district court has wide discretion in deciding whether the interest of justice mandates a new trial, and such decision will not be reversed absent clear and manifest abuse on that discretion. *United States v. Offutt,* 736 F.2d 1199, 1202 (8th Cir.1984) (citing *United States v. Bohn,* 508 F.2d 1145, 1150 (8th Cir.), *cert. denied,* 421 U.S. 947, 95 S.Ct. 1676, 44 L.Ed.2d 100 (1975)). If the district court concludes that, "despite the abstract sufficiency of the evidence to sustain the verdict, the evidence preponderates sufficiently heavily against the verdict that a serious miscarriage of justice may have occurred, it may set aside the verdict, grant a new trial, and submit the issues for determination by another jury." *United States v. Lincoln,* 630 F.2d 1313, 1319 (8th Cir.1980).

This circuit has also recognized that, in ruling on a motion for a new trial, Rule 33 of the Federal Rules of Criminal Procedure "requires the district court to balance the alleged errors against the record as a whole and evaluate the fairness of the trial." *United States v. McBride,* 862 F.2d 1316, 1319 (8th Cir.1988) (*McBride*). In the instant case, it is apparent from the district court's memorandum opinion that it found that the alleged errors were such as to undermine its confidence in the fairness of the trial.

Clearly, the district judge who presided at trial is in a better position to decide whether the errors in the trial proceedings justify a new trial than an appellate court whose evaluation is limited to a reading of a cold record. *See Arizona v. Washington,* 434 U.S. 497, 514, 98 S.Ct. 824, 834, 54 L.Ed.2d 717 (1978) (the trial judge "is far more 'conversant with the factors relevant to the determination' than any reviewing court can possibly be") (citation omitted). As this circuit has observed, " 'it is difficult for an appellate court on a cold record to reproduce accurately for itself the warm vigor and atmosphere of the jury trial.' " *McBride,* 862 F.2d at 1320 (quoting *La*

*Barge Water Well Supply Co. v. United States,* 325 F.2d 798, 801 (8th Cir.1963)). Today's decision not only departs from the reasoned judgment of *McBride,* but also engages in the dangerous practice of substituting our judgment, on the basis of a cold record, for the discretion of the presiding district judge, who heard and saw the witnesses and observed the jury during the entire course of the trial proceedings.

Even though none of us may have granted appellee's motion for a new trial, the issue of whether the district court abused its discretion in so doing is a question of a different order. Because I find no clear abuse of discretion, I would affirm the judgment of the district court.