972 F.2d 349
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
UNITED STATES Of America, Plaintiff-Appellant,
v.
John H. BUSTAMANTE, Defendant-Appellee.
 No. 91-3517.
 United States Court of Appeals, Sixth Circuit.
 Aug. 12, 1992.
 
 Before KENNEDY and NATHANIL R. JONES, Circuit Judges; and JOHN W. PECK, Senior Circuit Judge.
 PER CURIAM.
 
 
 1
 This case was remanded to the District Court with directions to clarify the basis upon which it granted defendant's motion for a new trial. The District Court's order on remand states that it granted the motion for a new trial because, in its judgment, the jury instructions created confusion, and not because the verdicts on the various counts were inconsistent.
 
 
 2
 We review the District Court's grant of a motion for new trial under an abuse of discretion standard. United States v. Ashworth, 836 F.2d 260, 266 (6th Cir.1988). The District Court has held that it was fearful that the jurors may have been confused by its instructions. The discretion conferred upon district courts under this rule is broad and permits the trial judge to balance the importance of any perceived errors against the proceedings as a whole in evaluating the overall fairness of the trial. United States v. McBride, 862 F.2d 1316, 1319 (8th Cir.1988); Bruner v. Dunaway, 684 F.2d 422, 425 (6th Cir.1982) (per curiam), cert. denied, 459 U.S. 1171 (1983). Rule 33 of the Federal Rules of Criminal Procedure provides that "[t]he court on motion of a defendant may grant a new trial to that defendant if required in the interest of justice." Fed.R.Crim.P. 33. Matters that a district court may consider under Rule 33 include perceived errors or confusion resulting from the jury instructions. United States v. Baytank (Houston), Inc., 934 F.2d 599, 617-18 (5th Cir.1991) (quorum); 2 Charles A. Wright, Federal Practice and Procedure § 556, at 306, 311 (1982).
 
 
 3
 Our narrow standard of review corresponds to the rationale underlying Rule 33: that "the trial judge, not an appellate court reading a cold record, can best weigh the errors against the record as a whole to determine whether those errors in the conduct of the trial justify a new trial." McBride, 862 F.2d at 1320; cf. Arizona v. Washington, 434 U.S. 497, 514 (1978) (holding that the reviewing court must grant broad deference to the district court's decision to grant mistrial, on the ground that a trial judge "is far more [ ]conversant with the factors relevant to the determination[ ] than any reviewing court can possibly be"). The trial judge is thus vested with the authority to "take into account the knowledge he gained from presiding at the trial, knowledge that the appellate court will not have." Wright, supra, § 559, at 369 (footnote omitted).[1]
 
 
 4
 As we stated in our earlier decision in this case: "An abuse of discretion exists when a reviewing court is firmly convinced that a mistake has been made. In re Bendectin, 857 F.2d 290, 307 (6th Cir.1988), cert. denied, 488 U.S. 1006 (1989). We are not so convinced.
 
 
 5
 Accordingly, the order of the District Court granting a new trial is AFFIRMED.
 
 
 
 [1]
 Indeed, the new-trial prerogative of Rule 33 was essentially absolute, because not subject to appellate review, until a 1984 amendment to a prior version of 18 U.S.C. § 3731 for the first time permitted government appeals from post-verdict grants of new trials. See 18 U.S.C. § 3731 (1988) (amendments)