UNITED STATES of America, Plaintiff,

v.

Lawrence GOODLOW, a/k/a "Speedy" Goodlow, Defendant.

No. CR 95–30031.

United States District Court,
D. South Dakota,
Central Division.

Nov. 17, 1995.

Randolph J. Seiler, Asst. U.S. Atty., Pierre, South Dakota, for plaintiff.

Douglas G. Fosheim, Fosheim, Haberstick & Hutchinson, Huron, South Dakota, for defendant.

## MEMORANDUM OPINION AND ORDER

KORNMANN, District Judge.

### BACKGROUND

Defendant orally moved for a new trial. Defendant claims he was deprived of a fair trial by reason of the government's failure to comply with Fed.R.Crim.P. 16(a)(1)(A). Defendant filed a motion to permit him to offer evidence of the past sexual conduct of the victim with the defendant to establish his consent defense. A hearing was held pursuant to Fed.R.Evid. 412(c)(2) on October 10, 1995 at which defendant testified. This Court issued an order allowing such testimony. A transcript of that hearing was prepared at the request of the government and filed October 12, 1995. The government used the transcript on cross examination at

trial to impeach the defendant. Defendant was convicted by a jury of two counts of aggravated sexual abuse on November 1, 1995.

## JURISDICTION

■ Federal Rule of Criminal Procedure 33 provides, inter alia, that the "court on motion of a defendant may grant a new trial to that defendant if required in the interest of justice." Rule 33 requires a motion for a new trial on the above grounds to be made within seven days after finding of guilt. The time limits of Rule 33 are jurisdictional. *United States v. Beran*, 546 F.2d 1316, 1319 n. 1 (8th Cir.1976). The motion was timely made and therefore this Court has jurisdiction.

## DISCUSSION

■ No objection was made by defendant to the admission of the evidence at trial. Failure to object to an alleged error generally precludes a defendant from asserting the claimed error in a motion for new trial. *United States v. McBride*, 862 F.2d 1316, 1319 (8th Cir.1988). "Nevertheless, trial errors may be raised as plain error in appropriate circumstances. The plain error rule connotes error that has affected a defendant's substantial rights, resulting in a miscarriage of justice." *United States v. McBride*, 862 F.2d at 1319 (citations omitted). The prosecutor's actions in failing to provide a copy of the transcript without any request to do so is not plain error. This Court will nonetheless address the merits of defendant's claim.

■ Defendant asserts that the government's failure to provide him with a copy of the transcript of the Rule 412 hearing, or at least notify him it had ordered a copy, violated Federal Rule of Criminal Procedure 16(a)(1)(A). That rule provides, inter alia:

**Statement of Defendant.** Upon request of a defendant the government must disclose to the defendant and make available for inspection, copying, or photographing: any relevant written or recorded statements made by the defendant, or copies thereof, within the possession, custody, or control of the government, the existence of which is known, or by the exercise of due diligence may become known, to the attorney for the government …

The disclosure provisions of Rule 16 were adopted "in the view that broad discovery contributes to the fair and efficient administration of criminal justice by providing the defendant with enough information to make an informed decision as to plea; by minimizing the undesirable effect of surprise at the trial; and by otherwise contributing to an accurate determination of the issue of guilt or innocence." Fed.R.Crim.P. 16 Advisory Committee Note to 1974 Amendment.

The Eighth Circuit held in 1984 that a statement elicited during cross examination of the government's witness "does not fall within the literal language of Rule 16(a)(1)(A), which provides only for the discovery of oral statements that 'the government intends to offer in evidence at the trial.'" *United States v. Panas*, 738 F.2d 278, 285 (8th Cir.1984). See also *United States v. Rhoads*, 617 F.2d 1313, 1319 (8th Cir.1980) ("[D]efendant is entitled to discovery by the government of documentary material in the possession or control of the government if the items are material to the preparation of the defendant's case, or if the government intends to use them as evidence in chief, or if they were obtained from or belonged to the defendant"). Rule 16(a)(1)(A) was amended in 1990 to require disclosure, without regard to whether the government intends to introduce the statement in its case in chief. Thus, the transcript of defendant's testimony, which was used for impeachment purposes, is covered by the rule. Fed.R.Crim.P. 16 Advisory Committee Notes to 1990 Amendments.

■ The parties cite no case law on the subject of whether the government must disclose that it has obtained a copy of the transcript of the testimony of the defendant at a hearing at which defendant was present and was represented by trial counsel. It has been held, however, that the "government need not supply a defendant with documents to which he has equal access". *United States v. Ball*, 49 F.R.D. 153, 156 (E.D.Wis.1969). The defendant's attorney was present when defendant testified at the Rule 412 hearing.

The defense could have requested a copy of the transcript. They obviously knew a court reporter was present and was making a record. The defense could also have looked in the court file and would have seen the original transcript, thus realizing the government had a copy. Clearly, the defendant had equal access to his statements recorded in the transcript. In addition, who other than the defendant would know better what his past testimony was? Little time passed between his testimony at the hearing and his testimony at trial. The Court finds that Rule 16 was not violated.

Even assuming, arguendo, that the transcript was subject to discovery under Rule 16, a new trial is not automatic. This Court has broad discretion in determining whether the interest of justice mandates a new trial. *U.S. v. Van Kirk,* 935 F.2d 932, 934–935 (8th Cir.1991); *U.S. v. McBride,* 862 F.2d at 1319. The "interest of justice" standard requires this Court to "balance the alleged errors against the record as a whole and evaluate the fairness of the trial." *U.S. v. McBride,* 862 F.2d at 1319. The purpose of the criminal discovery rules is "to protect the defendant's rights to a fair trial" and "the degree to which those rights suffer as a result of a discovery violation is determined ... by considering how the violation affected the defendant's ability to present a defense." *United States v. Noe,* 821 F.2d 604, 607 (11th Cir.1987). "A new trial is warranted where it is 'apparent' that the defense strategy would have been altered by the timely disclosure of the statement." *United States v. Davis,* 646 F.2d 1298, 1304 (8th Cir.1981).

Defendant has not established and could not establish that the failure to volunteer to provide a copy of the transcript of the Rule 412 hearing had a prejudicial effect on his case. This was not a case in which the prosecution hid the defendant's statement, only to spring it on him at trial. See *United States v. Martinez,* 763 F.2d 1297, 1315 (11th Cir.1985). Defendant and his attorney were at the Rule 412 hearing, which took place on October 10, 1995. The transcript was prepared and filed October 12, 1995. The jury trial was held on October 31—November 1, 1995. Clearly, the defense was aware of both the existence and content of the statements well in advance of trial. Defendant cannot claim he was prejudiced by surprise. See *United States v. Caldwell,* 543 F.2d 1333, 1353 (D.C.Cir.1974). The defense was also aware that the prosecution would cross-examine the defendant if he testified at trial. It is unlikely defendant would have decided not to testify if he knew the government had a copy of the transcript, since it would have been almost impossible to support a consent defense without his testimony. Defendant did not deny his hearing testimony. He admitted his earlier testimony. There is no prejudice shown here under the circumstances.

This matter was tried by a jury before this Court and the Court is very familiar with the record. Balancing any alleged errors against the record as a whole, this Court concludes defendant had a fair trial.

Now, therefore,

**IT IS ORDERED:**

That defendant's motion for a new trial should be and is denied.