**UNITED STATES of America, Appellee,**

v.

**John OFFUTT, Appellant.**

No. 84–1052.

United States Court of Appeals,
Eighth Circuit.

Submitted May 10, 1984.

Decided June 1, 1984.

in the conspiracy, (2) finding that the evidence was sufficient to support his conviction, and (3) denying his motion for a new trial on the basis of newly discovered evidence. For the reasons discussed below, we affirm the judgment of the district court.

Appellant was indicted and jointly tried with Delbert Sinor Stanley Depee and Barry Dacquel, following the government's January 30, 1982, seizure of approximately seven pounds of high-grade cocaine in the Little Rock area. Two of the witnesses the government presented, George Benjamin Rothwell and Lynn Laseman, were admitted members of an "organization" headed by Delbert Sinor to smuggle and distribute drugs. Rothwell was an unindicted coconspirator who had cooperated with law enforcement officials during the course of the conspiracy. Laseman had been indicted and entered a guilty plea. He was cooperating with the government.

George W. Proctor, U.S. Atty., E.D. Ark., Terry L. Derden, Asst. U.S. Atty., Little Rock, Ark., for appellee.

Daniel R. Carter, Little Rock, Ark., for appellant, John Offutt.

Before ROSS, McMILLIAN and FAGG, Circuit Judges.

PER CURIAM.

John Offutt appeals from his conviction after a jury trial in the District Court[1] for the Eastern District of Arkansas for conspiracy to possess cocaine with intent to distribute, in violation of 21 U.S.C. §§ 841(a) and 846, and aiding and abetting the possession of cocaine with intent to distribute, in violation of 21 U.S.C. § 841(a) and 18 U.S.C. § 2. For reversal appellant argues that the district court erred in (1) admitting the statements of an alleged coconspirator absent independent evidence establishing that appellant was a participant

■ At trial Rothwell and Laseman attempted to recount out-of-court declarations of their coconspirators, including appellant. Appellant objected and asked the district court to follow the procedure set forth in *United States v. Bell*, 573 F.2d 1040 (8th Cir.1978), for admitting the statements of coconspirators. *Bell* provided that the district court may conditionally admit the statement of an alleged coconspirator. The government must then prove by a preponderance of the independent evidence that the statement was made by a coconspirator during the course and in furtherance of the conspiracy. At the close of all the evidence, the district court should make an explicit finding for the record regarding the admissibility of the statement. Failure of the government to carry its burden would result in a mistrial, unless a cautionary instruction to the jury to disregard the statement would cure any prejudice. *Id.* at 1044.

---

1. The Honorable G. Thomas Eisele, Chief Judge, United States District Court for the Eastern District of Arkansas.

The district court conditionally admitted the disputed testimony. At the close of the evidence, the district court determined that the government had shown the existence of a conspiracy and that the disputed statements were made in the course and furtherance of the conspiracy. Accordingly, the statements were admitted. Appellant challenges this ruling on the ground that the independent evidence proffered by the government was insufficient to prove that appellant was a participant in the conspiracy. We disagree.

■ Rothwell testified that in early January 1982 he met Laseman and others at the home of Delbert Sinor in Mountain Home, Arkansas. Because Sinor was scheduled to report to prison the following week, the meeting was held to clarify each person's role in the "organization" in Sinor's absence. At one point Sinor, Rothwell and appellant went to the master bedroom to count some money and talk. Sinor mentioned that Depee was either en route from Fort Lauderdale with some cocaine or would be leaving in a few days when a supply of cocaine became available. According to Rothwell, appellant told Sinor "that he hoped the cocaine supply freed up some because he had a cash buyer for one kilo in Little Rock. But that was only if it was freed up in a hurry. There was an urgency about it." In addition to appellant's admission, the government presented substantial evidence of association between appellant and his codefendants. For example, law enforcement officials observed appellant with Sinor in Florida when the cocaine deal began. Also noteworthy was appellant's presence at the Little Rock hotel when Depee delivered the cocaine. At the time of his arrest, appellant was carrying Sinor's phone number listed under Sinor's alias. We believe this evidence was sufficient to prove that a conspiracy existed and that appellant was involved. Therefore, the statements of appellant's coconspirators made in furtherance of the conspiracy were admissible pursuant to Fed.R. Evid. 801(d)(2)(E).

■ Appellant further claims that the evidence was insufficient to support his conviction. To establish aiding and abetting under 21 U.S.C. § 841(a)(1), the government must show "(1) that the defendant associated himself with the unlawful venture; (2) that he participated in it as something he wished to bring about; and (3) that he sought by his action to make it succeed." *United States v. Brim*, 630 F.2d 1307, 1311 (8th Cir.1980), *cert. denied*, 452 U.S. 966, 101 S.Ct. 3121, 69 L.Ed.2d 980 (1981). The jury could reasonably have concluded that appellant's participation satisfied those elements. Appellant was present at the hotel where the cocaine was delivered and was acting as a middleman between the Sinor organization and a prospective purchaser. He was obviously more than a passive observer.

Appellant contends that the only evidence linking him to the drug trafficking conspiracy was Rothwell's testimony about his offer to sell some of the cocaine Depee was bringing to Little Rock. Laseman testified that when he arrived at the rendezvous point in Little Rock where Depee was to deliver the cocaine, he encountered appellant. When Laseman asked Sinor why appellant was present, Sinor replied that appellant was there "to take care of some business." Laseman explained that Sinor was referring to a drug transaction. During the evening, the meeting place was changed to a hotel in North Little Rock. Laseman testified that appellant drove his own car to the new hotel. Depee eventually arrived with a large amount of high-grade cocaine. "The offense of conspiracy consists of an agreement between the conspirators to commit an offense, attended by an act of one or more of the conspirators to effect the object of the conspiracy." *United States v. Skillman*, 442 F.2d 542, 547 (8th Cir.), *cert. denied*, 404 U.S. 833, 92 S.Ct. 82, 30 L.Ed.2d 63 (1971). We believe that the evidence was sufficient for a jury to find a conspiracy and appellant's participation.

■ Finally, appellant alleges that the district court erroneously denied his motion

for a new trial based on newly discovered evidence. *See* Fed.R.Crim.P. 33. The grant or denial of a motion for a new trial is committed to the broad discretion of the district court, whose decision will not be reversed absent a clear abuse of discretion. *United States v. Bohn,* 508 F.2d 1145, 1150 (8th Cir.), *cert. denied,* 421 U.S. 947, 95 S.Ct. 1676, 44 L.Ed.2d 100 (1975). A new trial should be granted on the basis of newly discovered evidence according to the following criteria:

> (1) the evidence must be in fact newly discovered, that is, discovered since the trial; (2) facts must be alleged from which the court may infer diligence on the part of the movant; (3) the evidence relied upon must not be merely cumulative or impeaching; (4) it must be material to the issues involved, and (5) it must be of such nature that, on a new trial, the newly discovered evidence would probably produce an acquittal.

*United States v. Pope,* 415 F.2d 685, 691 (8th Cir.), *cert. denied,* 397 U.S. 950, 90 S.Ct. 973, 25 L.Ed.2d 132 (1969).

After appellant and his codefendants were convicted, Delbert Sinor agreed to cooperate with the government. Sinor was facing additional drug charges in Mississippi. On September 16, 1983, Sinor was deposed and stated that at the time of appellant's arrest, appellant was in Little Rock on legitimate business to purchase a salvage yard. Sinor further stated that appellant was not involved with transportation of cocaine from Florida, had no financial interest in the cocaine, and was unaware of a cocaine deal with persons in Los Angeles. Nevertheless, Sinor maintained that appellant was aware cocaine was in transit, had offered to sell a kilo if Sinor supplied it, and had been involved in two other drug smuggling operations. Sinor had offered to testify on appellant's behalf at trial, but appellant declined, claiming that he was concerned about the potentially harmful effect Sinor's testimony would have on Sinor's chances for acquittal on the other pending drug charges.

 In these circumstances, the district court did not abuse its discretion in denying the motion for a new trial. First, "[w]hen a defendant who has chosen not to testify subsequently comes forward to offer testimony exculpating a codefendant, the evidence is not 'newly discovered.'" *United States v. Diggs,* 649 F.2d 731, 740 (9th Cir.), *cert. denied,* 454 U.S. 970, 102 S.Ct. 516, 70 L.Ed.2d 387 (1981). Second, Sinor's testimony would probably increase the chances of conviction rather than an acquittal in a new trial.

Accordingly, the judgment of the district court is affirmed.