19 F.3d 24
 NOTICE: Eighth Circuit Rule 28A(k) governs citation of unpublished opinions and provides that no party may cite an opinion not intended for publication unless the cases are related by identity between the parties or the causes of action.
UNTIED STATES OF AMERICA, Appellee,
v.
Bryant Lee McLINN, Appellant.
 No. 93-2793.
 United States Court of Appeals,
Eighth Circuit.
 Submitted: February 16, 1994.
Filed: March 3, 1994.
 
 Before McMILLIAN, MAGILL and BEAM, Circuit Judges.
 PER CURIAM.
 
 
 1
 Bryant Lee McLinn appeals from the final judgment entered in the District Court[1] for the District of Minnesota after he pleaded guilty to two counts of distributing cocaine base in violation of 21 U.S.C. Sec. 841(a)(1) and (b)(1)(B). The district court sentenced appellant to 135 months imprisonment. For reversal appellant argues the district court erred in denying him a downward departure from his sentencing range. For the reasons discussed here, we affirm the judgment of the district court.
 
 
 2
 Between September 16 and October 5, 1992, undercover federal agents purchased cocaine base from McLinn, in increasing quantities, on five different occasions. Later, a federal grand jury charged McLinn with five counts of knowing and intentional distribution of cocaine base. Pursuant to a plea agreement, McLinn pleaded guilty to counts four and five.
 
 
 3
 The presentence report indicated a base offense level of 32 and recommended a two-level reduction for acceptance of responsibility, resulting in a total offense level of 30. With a criminal history category of IV, the Guidelines range was 135 to 168 months imprisonment.
 
 
 4
 At sentencing, McLinn moved for a downward departure on the basis of outrageous police conduct. He argued that the undercover agents bought cocaine base from him on five occasions for the sole purpose of increasing his offense level. McLinn argued that the last four transactions should be ignored, resulting in a total offense level of 24 and a Guidelines range of 77-96 months. The government argued that outrageous police conduct had not occurred and that the undercover agents continued to buy cocaine base from McLinn for "legitimate law enforcement reasons." The district court found that McLinn failed to show sentencing entrapment and denied the downward departure motion. The district court then sentenced McLinn to 135 months imprisonment, to be followed by a five-year term of supervised release. McLinn appeals.
 
 
 5
 The government engages in "sentencing entrapment" if it continues to buy or sell drugs for the sole purpose of overcoming the defendant's predisposition to deal only in small quantities, "for the purpose of increasing the amount of drugs ... and the resulting sentence." United States v. Rogers, 982 F.2d 1241, 1245 (8th Cir.), cert. denied, 113 S. Ct. 3017 (1993); see also United States v. Stuart, 923 F.2d 607, 613-14 (8th Cir.) (entrapment, including sentencing entrapment, focuses on predisposition of defendant to commit crime), cert. denied, 499 U.S. 967 (1991) and 112 S. Ct. 145 (1991). The government engages in "sentencing manipulation" if it continues to buy or sell drugs for the sole purpose of enhancing the defendant's sentence. See United States v. Shephard, 4 F.3d 647, 649 (8th Cir. 1993), petition for cert. filed, No. 93-7812 (U.S. Feb. 8, 1994). McLinn's argument "is more aptly referred to as sentence 'manipulation' than sentence 'entrapment,' " because he does not allege that the government continued to buy from him to overcome his predisposition to sell only small quantities of cocaine base. See id.
 
 
 6
 Careful review of the record, however, reveals that government agents engaged in "a legitimate pattern of [purchasing] increasing amounts of drugs" to ascertain the quantity of drugs McLinn was willing and able to deal. See id. As a result, there is no indication that government agents engaged in "sentencing manipulation" or "sentencing entrapment."
 
 
 7
 Accordingly, the sentence imposed by the district court is affirmed.
 
 
 
 [1]
 The Honorable Diana E. Murphy, Chief Judge, United States District Court for the District of Minnesota