32 F.3d 571
 NOTICE: Eighth Circuit Rule 28A(k) governs citation of unpublished opinions and provides that no party may cite an opinion not intended for publication unless the cases are related by identity between the parties or the causes of action.
UNITED STATES of America, Appellee,
v.
Mark Robert MERICAL, Appellant.
 No. 94-1233.
 United States Court of Appeals,
Eighth Circuit.
 Submitted: June 22, 1994.
Filed: August 2, 1994.
 
 Before McMILLIAN, MAGILL, and BEAM, Circuit Judges.
 PER CURIAM.
 
 
 1
 Mark Robert Merical appeals the 42-month sentence imposed by the district court[1] after he pleaded guilty to possessing with intent to distribute methamphetamine and cocaine, in violation of 21 U.S.C. Sec. 841(a)(1). We affirm.
 
 
 2
 The presentence report (PSR) attributed 9 ounces of methamphetamine and 1 kilogram of cocaine to Merical, resulting in a Guidelines range of 57 to 71 months, but a statutory mandatory minimum of 60 months was applicable. Merical objected to the PSR, contending that he was responsible for only 6 ounces of methamphetamine and 2 ounces of cocaine because the government was guilty of sentencing entrapment. Using these drug quantities, in an addendum, the PSR calculated a Guidelines range of 46 to 57 months, but again indicated a statutory mandatory minimum of 60 months.
 
 
 3
 It is undisputed that Merical asked a confidential informant to provide him with 6 ounces of methamphetamine and 2 ounces of cocaine. Before the informant delivered the drugs, he called Merical and told him that he could get a kilogram of each drug. At some point, Merical told the informant that he would take all he could get. At the sentencing hearing, Merical contended that he meant he would take all he could get up to his requested 6 and 2 ounces, and that he stated he would take all he could get because there had been many delays in delivery and he would take anything up to that amount. He also testified that all he really needed was 5 ounces of methamphetamine and 2 ounces of cocaine because one of his buyers had backed out. It is also undisputed that when the informant arrived with 1 kilogram of cocaine and 9 ounces of methamphetamine, Merical accepted both packages. Merical contended that he accepted the packages merely because the informant did not have a scale and was therefore unable to measure smaller portions. Merical did testify, however, that he had dealt in the past in kilogram quantities of methamphetamine.
 
 
 4
 The district court found that Merical had a predisposition to purchase drugs in kilogram quantities. The court also found that the government's evidence (a video and audio tape of the transaction) was not consistent with "Merical's testimony that he was reluctant or surprised and never wanted to have more than what he had initially requested"; that Merical was "pleased" the informant produced more than just 6 ounces and 2 ounces; and that he was "not in any way reluctant to take all that the confidential informant had." As a result, the district court concluded that the government was not guilty of sentencing entrapment, and that the PSR had initially attributed the correct amount of drugs to Merical. The district court also granted the government's motion to depart for substantial assistance. After concluding that the appropriate sentence before the departure would have been 62 months, the court departed by 20 months, resulting in a final sentence of 42 months, to be followed by a four-year term of supervised release. On appeal, Merical argues that the district court erred in concluding that he had not been the victim of sentencing entrapment.
 
 
 5
 Contrary to the government's argument, the statutory mandatory minimum does not render the issue moot. The court departed by 20 months; it did not depart to a specific sentence or by a specific percentage. If the government was guilty of sentencing entrapment, Merical's Guidelines range would have been below the statutory mandatory minimum of 60 months. Merical's sentence, therefore, before the departure, would have been 60 months. All other factors being equal, Merical's final sentence would have been 40 months instead of 42.
 
 
 6
 Nothing in the record indicates government agents engaged in actual sentencing entrapment, i.e., " 'outrageous official conduct [that] overcomes the will of an individual predisposed only to dealing in small quantities' for the purpose of increasing the amount of drugs ... and the resulting sentence of the entrapped defendant." United States v. Rogers, 982 F.2d 1241, 1245 (8th Cir.) (quoting United States v. Lenfesty, 923 F.2d 1293, 1300 (8th Cir.), cert. denied, 499 U.S. 968 (1991)), cert. denied, 113 S. Ct. 3017 (1993); see also United States v. Stuart, 923 F.2d 607, 613-14 (8th Cir.) (entrapment, including sentencing entrapment, focuses on predisposition of defendant to commit crime), cert. denied, 499 U.S. 967 (1991) and 112 S. Ct. 145 (1991). Further, nothing in the record indicates government agents engaged in "sentencing manipulation" under its current definition, i.e., repeated purchases of drugs to enhance the defendant's potential sentence. See United States v. Shephard, 4 F.3d 647, 649 (8th Cir. 1993), cert. denied, 114 S. Ct. 1322 (1994); United States v. Barth, 990 F.2d 422, 425 (8th Cir. 1993).
 
 
 7
 Accordingly, the sentence imposed by the district court is affirmed.
 
 
 
 [1]
 The Honorable Charles R. Wolle, Chief Judge, United States District Court for the Southern District of Iowa