UNITED STATES of America,

v.

Francisco JIMINEZ, a/k/a Pacho, a/k/a El Gordo Francisco Jiminez, Appellant.

No. 01–4488.

United States Court of Appeals, Third Circuit.

Submitted Under Third Circuit LAR 34.1(a) Dec. 19, 2002.

Decided Dec. 20, 2002.

Before NYGAARD, ALITO, and RENDELL, Circuit Judges.

OPINION OF THE COURT

PER CURIAM.

Appellant Francisco Jiminez petitions this Court pro se to vacate the judgment of the District Court sentencing him to ten years in prison. Also before us is the motion of his trial attorney, Rena Rothfeld, filed pursuant to *Anders v. California,* 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), to be relieved as counsel. For the reasons that follow, we affirm the District Court and grant Rothfeld's motion.

Coconspirators Juan Henao and Edwin Gomez approached Jiminez on October 18, 2000, to enlist his services as a "hench-man" during a sale of a little over a kilo-gram of heroin. In Jiminez's formulation, he was "called upon by Henao to accompa-ny him to a place of [a] drug transaction to act as an intimidating factor so that the drug buyers would not do anything stu-pid." Police arrested the three men that day in Elizabeth, New Jersey. On August 20, 2001, Jiminez and Rothfeld certified his waiver of his right to prosecution on indict-ment and consented to proceed by infor-

mation. This followed his acquiescence to a plea bargain offered by the U.S. Attorney limiting the criminal charges against Jiminez to one violation of 21 U.S.C. § 846 in exchange for a guilty plea. Jiminez pled guilty pursuant to this agreement on August 20. On December 12, 2001, the District Court sentenced him to ten years' incarceration and five years' supervised release, as contemplated by the plea agreement, over Jiminez's objection that he merited a downward departure from the guideline based on alleged bad conditions in his holding cells and his alleged minor role in the conspiracy.

Jiminez brings two issues before this Court. First, he claims that he did not waive his right to prosecution on indictment and that the District Court therefore lacked jurisdiction to sentence him. He contends that he "did not even know that he actually was prosecuted on an information" and was not told of the difference between the two forms of accusation. Next, he claims ineffective assistance of counsel on the basis of his attorney's decision not to argue that Jiminez could not reasonably have foreseen that as much as one kilogram of heroin was involved and instead to procure independent expert analysis in the hope that the contraband would weigh below the one-kilogram mark. *See* 21 U.S.C. § 841(b)(1)(A)(i), (viii) (establishing the more severe penalty of at least ten years in prison for possession with intent to distribute one kilogram or more of heroin). Jiminez's attorney contends that the issues raised by Jiminez are frivolous and accordingly seeks to be relieved as counsel. *See Anders,* 386 U.S. at 744.

■ Failure to indict undermines a court's jurisdiction and may be presented for appellate review in the first instance, as is done here. *See generally, e.g., United States v. Panarella,* 277 F.3d 678, 682–

83 (3d Cir.2002). Reviewing the record, we find Jiminez's claim wholly without merit. The District Court Judge explained in some detail to Jiminez the effect of waiving indictment by grand jury. He ensured that Jiminez understood his rights and was acting of his own free will, and he then authorized the waiver of indictment signed by Jiminez and his attorney. The Judge additionally reviewed with Jiminez the substance of his guilty plea and the facts supporting the information. We find nothing in the record that could conceivably support Jiminez's contention that he did not "waive [his right to] an indictment . . . in open court . . . knowingly, voluntarily, and intelligently." We agree with attorney Rothfeld's conclusion that "there is no non-frivolous appellate issue that can fairly be presented as to the adequacy of the Rule 11 colloquy."

We shall proceed to adjudicate Jiminez's ineffective-assistance-of-counsel claim notwithstanding the general policy of refraining from addressing such matters on direct appeal. *See United States v. Theodoropoulos,* 866 F.2d 587, 598 (3d Cir.1989). Given the parameters of Jiminez's argument, "[i]n this case, there is no need for further factual development" and "the record is sufficient to allow determination of ineffective assistance of counsel [without] an evidentiary hearing." *United States v. Headley,* 923 F.2d 1079, 1083 (3d Cir.1991). Thus the issue is properly before us.

Section 841 imposes a penalty for "knowingly or intentionally . . . possess[ing] with intent to distribute . . . 1 kilogram or more of a mixture or substance containing a detectable amount of heroin." 21 U.S.C. § 841(a)(2), (b)(1)(A)(i). Jiminez claims that he could not have reasonably foreseen that his coconspirators would deal in a quantity so large, and that Rothfeld performed deficiently by refraining from preparing a defense accordingly.

■ This Circuit has not held, as other Courts of Appeals have, *e.g. United States v. Rogers,* 982 F.2d 1241, 1246 (8th Cir. 1993), that the mandatory minimum sentences include a requirement that the defendant have reasonably foreseen the quantity of the drug. We agree with the government that ineffective assistance cannot be established by failure to argue a point supported only by authority outside this jurisdiction. The conclusion of *Gregory v. United States,* 109 F.Supp.2d 441, 458 (E.D.Va.2000), that "an attorney is not constitutionally deficient for failing to research the law of other circuits," is apropos. We also note the Supreme Court's holding in *McMann v. Richardson,* 397 U.S. 759, 90 S.Ct. 1441, 25 L.Ed.2d 763 (1970), a case in which the Court considered whether the constitutional right to effective assistance of counsel was offended by an attorney's possible misjudgment regarding the legal admissibility of a confession and consequent advice to plead guilty. The Court concluded: "That a guilty plea must be intelligently made is not a requirement that all advice offered by the defendant's lawyer withstand retrospective examination.... [A] defendant's plea of guilty based on reasonably competent advice is an intelligent plea not open to attack on the ground that counsel may have" factored a questionable legal judgment in his litigation strategy. *Id.* at 770.

We also find Jiminez's situation analogous to *United States v. Sanders,* 3 F.Supp.2d 554 (M.D.Pa.1998). In *Sanders,* a District Court in this Circuit considered an ineffective-assistance claim based on the allegation that "counsel should have known that the issue of the interpretation [of a statute] was an open question in this circuit, and that other circuits were split on how to resolve the purported ambiguity." *Id.* at 562. It found that the attorney's decision not to pursue that issue and instead to advise a guilty plea did not constitute ineffective assistance, citing evidence presented by the government that convinced it "with some certainty" that a guilty verdict would have resulted otherwise. *Id. Sanders*'s reasoning conforms to the standard announced by the Supreme Court in *Strickland v. Washington,* 466 U.S. 668, 694, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1983), that a defendant alleging ineffective assistance of counsel "must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different."

Finally, because we are satisfied that Rothfeld "thoroughly examined the record in search of appealable issues," *United States v. Youla,* 241 F.3d 296, 300 (3d Cir.2001), identified any "issue[s] arguably supporting the appeal," *Smith v. Robbins,* 528 U.S. 259, 285, 120 S.Ct. 746, 145 L.Ed.2d 756 (2000), and "explain[ed] why the issues are frivolous," *United States v. Marvin,* 211 F.3d 778, 780 (3d Cir.2000), we conclude that she has discharged her duty under *Anders.* We therefore grant her motion to be relieved as counsel.

We also affirm the judgment of the District Court.