**4**

**UNITED STATES of America,**
**Appellee,**

v.

**Claver COLE, Defendant–Appellant.**

**Docket No. 02–1236.**

United States Court of Appeals,
Second Circuit.

Jan. 31, 2003.

Lawrence D. Gerzog, New York, NY, for Defendant–Appellant.

Marshall L. Miller, Assistant United States Attorney, for Roslynn R. Mauskopf, United States Attorney for the Eastern District of New York (Susan Corkery, Assistant United States Attorney, on the brief), Brooklyn, NY, for Appellee.

Present: OAKES, CALABRESI, SOTOMAYOR, Circuit Judges.

Defendant–Appellant Claver Cole was convicted, after a jury trial, of conspiracy to distribute and possess with intent to distribute cocaine and attempted possession of cocaine with intent to distribute, in violation of 21 U.S.C. § 846. Defendant argues in this appeal that the district court erred in denying his motion for a new trial based on newly discovered evidence that a prosecution witness at his trial committed perjury.

The government's case against Defendant included testimony from Kyesha McCall, who smuggled cocaine from Jamaica to the United States. McCall was caught by customs agents at Kennedy In-

ternational Airport and agreed to assist the agents in a controlled delivery. Agents arrested Defendant when he came to the airport to pick up McCall.

McCall testified that she knew the person who recruited her for the operation (a third party) only by his nickname "Broomey," and that she first met him just one day before she flew to Jamaica. Shortly before trial, Defendant's counsel told the government that, in fact, McCall and "Broomey" had been in a romantic relationship for several months prior to her trip. Prosecutors confronted McCall with this accusation, but she denied it. With no evidence to support the allegation, and believing that Defendant lacked credibility (he had submitted two false affidavits in connection with an earlier suppression hearing), the government called McCall as a witness against Defendant. The prosecution's case also included testimony from other witnesses, phone records of calls between Defendant and others involved in the operation, and statements made by Defendant during and after his arrest.

Following his conviction but prior to sentencing, Defendant participated in a series of proffer sessions with the government in order to qualify for the safety valve provision of U.S.S.G. §§ 2D1.1(b)(6) and 5C1.2. In those sessions, Defendant admitted that he was guilty of the offenses for which he was convicted and that the allegations in his earlier affidavits were false. Most important, Defendant gave the government "Broomey's" real first name—Rohan—and his address. Using this information, police apprehended Rohan Sammott and another member of the operation. After he was arrested, Sammott told the government that he had, in fact, engaged in a sexual relationship with McCall prior to her trip to Jamaica. The government informed Defendant's counsel of that admission.

Defendant filed a motion, pursuant to Fed.R.Crim.P. 33, requesting a new trial on the ground of newly discovered evidence.[1] After a hearing, the district court denied the motion. In doing so, the court first considered the distinction between "newly discovered" evidence and "newly available" evidence and its effect with respect to a Rule 33 motion—an effect that we have not considered but one on which a majority of other circuits agree.[2] The court noted that, if it were to apply the majority rule, it would clearly find that the evidence was not "newly discovered," and

1. Fed.R.Crim.P. 33 allows the court to grant a new trial, "if the interest of justice so requires," on a motion from the defendant, subject to the certain time limitations: (1) if the motion is based on newly discovered evidence, it must be filed within three years after the verdict or finding of guilty, but (2) if the motion is grounded on any other basis, it must be filed within seven days after the verdict or finding of guilty, unless the court, during that seven-day period, grants an extension of the time to file. *See* Fed.R.Crim.P. 33.

2. *See, e.g., United States v. Jasin,* 280 F.3d 355, 362, 364 (3d Cir.2002) (holding that "newly available" evidence does not constitute "newly discovered" evidence for purposes of extending, beyond seven days, the time for filing a Rule 33 motion); *United*

*States v. Theodosopoulos,* 48 F.3d 1438, 1448–49 (7th Cir.1995) (same); *United States v. Glover,* 21 F.3d 133, 138 (6th Cir.1994) (same); *United States v. Muldrow,* 19 F.3d 1332, 1339 (10th Cir.1994) (same); *United States v. Dale,* 991 F.2d 819, 838–39 (D.C.Cir. 1993) (same); *United States v. Lockett,* 919 F.2d 585, 591–92 (9th Cir.1990) (same); *United States v. DiBernardo,* 880 F.2d 1216, 1224–25 (11th Cir.1989) (same); *United States v. Offutt,* 736 F.2d 1199, 1202 (8th Cir.1984); *United States v. Metz,* 652 F.2d 478, 480–81 (5th Cir.1981) (same); *but see United States v. Montilla–Rivera,* 115 F.3d 1060, 1066 (1st Cir. 1997) (holding that unavailable evidence may constitute newly discovered evidence if the failure to learn of the evidence did not result from the defendant's lack of due diligence).

therefore that Defendant's Rule 33 motion was time barred.[3]

After discussing this distinction, however, the court concluded that it need not decide whether Defendant's motion was timely because even if it met the procedural requirements of Rule 33, the motion failed on the merits. The court rejected the Defendant's assertion that the prosecution should have known McCall's testimony was false. Where the government did not know that it was offering perjured testimony, the court noted, "a new trial is warranted only if the testimony was material and the court is left with a firm belief that but for the perjured testimony, the defendant would most likely not have been convicted." *United States v. Wallach*, 935 F.2d 445, 456 (2d Cir.1991) (internal punctuation and citation omitted).

Applying this standard, the district court concluded (1) that "as far as Mr. Cole was concerned, [McCall] was almost a background witness," because she had no evidence to offer on the critical issue at trial, namely, Defendant's knowledge and intent when he came to the airport to pick up McCall; and (2) that, had the jury known that McCall lied about the affair, "it would not have made any difference, given all of the other . . . evidence, unrelated to Ms. McCall's testimony."

■ We review a district court's denial of a Rule 33 motion "for an abuse of discretion, and we accept the district court's factual findings unless they are clearly erroneous." *United States v. Gallego*, 191 F.3d 156, 161 (2d Cir.1999). We have reviewed the record and the district court's thorough consideration of the facts and issues in this case, and see no evidence that the court's findings were erroneous or

that it abused its discretion in denying Defendant's motion. Moreover, although Defendant asserts that the district court improperly applied the standard—adopted by the majority of circuits but not yet addressed by this court—for "newly available" evidence, it is clear from the record that the court did not base its decision on that standard.

We have considered all of Defendant's claims and find them meritless. We therefore AFFIRM the judgment of the district court.

---

**3.** Indeed, the court later said that the defendant had also failed to meet the burden of showing that the evidence was "newly available," since he knew of the affair and also knew of Sammott's whereabouts.