**Karon Allen WHITTAKER, petitioner, Appellant,**

v.

**STATE of Minnesota, Respondent.**

No. A07–2397.

Supreme Court of Minnesota.

July 31, 2008.

are *Knaffla*-barred.

Nekima Levy-Pounds, Artika Tyner, Minneapolis, for appellant.

Lori Swanson, Attorney General, Michael O. Freeman, Hennepin County Attorney, for respondent.

## OPINION

MEYER, Justice.

Appellant Karon Allen Whittaker, currently serving a life sentence for first-degree murder, has filed a petition for postconviction relief in which he asserts that newly-discovered evidence requires

that he receive a new trial. The district court denied Whittaker's petition without an evidentiary hearing, and we affirm.

On the night of January 29, 1996, two armed men forcibly entered the Minneapolis residence of Barbara Brandt and demanded money. Both intruders wore face coverings, and one wore a red jacket. The man in the red jacket wielded a semiautomatic pistol, the other a sawed-off rifle. A struggle ensued, during which a resident of the house, Bradley Ruedebusch, was shot and killed by the man in the red jacket. Another resident was also shot, but survived his injuries. Both intruders then fled from the residence.

Shortly thereafter, two Minneapolis police officers on patrol received a radio dispatch describing the suspects in Ruedebusch's murder. At about that time, the officers observed Whittaker—who was wearing a red jacket—and Karon Baldwin walking a short distance from the Brandt residence. When the officers instructed the men to approach their squad car, both fled, had to be chased, and they were arrested. Upon searching Baldwin, the officers discovered a semi-automatic pistol and a sawed-off rifle in his possession.

Following his arrest, Whittaker was indicted for first-degree murder in connection with Ruedebusch's death. Baldwin, who was tried and convicted separately for his involvement in the shooting, was subpoenaed as a witness against Whittaker but refused to testify at trial, despite a grant of immunity, and was held in contempt of court. The jury found Whittaker guilty of first-degree murder, and the district court sentenced him to a life term in prison. Whittaker appealed on grounds unrelated to the present postconviction petition, and we affirmed. *State v. Whittaker*, 568 N.W.2d 440, 447 (Minn.1997).[1]

On July 27, 2007, Whittaker filed a petition for postconviction relief, arguing that newly-discovered evidence, in the form of an affidavit by Baldwin, exonerates him. In that affidavit, Baldwin alleges that he and two other individuals—Christopher Johnson and a man referred to only as "Tron"—robbed the Brandt residence where Ruedebusch was killed. Baldwin claims that Johnson wore a red jacket during the robbery and that it was Johnson who shot Ruedebusch. Baldwin also maintains that, after he and Johnson left the Brandt residence, they encountered Whittaker, who exchanged jackets with Johnson. The affidavit further states that Baldwin asked Whittaker to help hide the murder weapon, but that Whittaker declined because he had no place to conceal a weapon. As to his refusal to testify at Whittaker's trial, Baldwin explains that he refused to testify because he wanted to protect Johnson. The district court denied Whittaker's petition without an evidentiary hearing, and Whittaker now appeals.

 Under Minn.Stat. § 590.01, subd. 1 (2006), an incarcerated individual may petition for postconviction relief on the ground that the conviction violated his rights under state or federal law. An evidentiary hearing must be held on a petition for postconviction relief unless "the petition and the files and records of the proceeding conclusively show that the petitioner is entitled to no relief." Minn. Stat § 590.04, subd. 1 (2006). On appeal from the decision of a postconviction court, we review legal matters de novo and review factual findings to determine whether they are supported by sufficient evidence in the record. *Butala v. State*, 664 N.W.2d 333, 338 (Minn.2003).

---

1. Further details regarding the murder, as well as the events surrounding Whittaker's arrest, conviction, and appeal, may be found in our opinion on direct appeal.

■ In order for postconviction relief to be granted on the basis of newly-discovered evidence, a petitioner must establish that (1) the evidence was unknown to him and his counsel at the time of trial; (2) the failure to discover that evidence before trial was not due to a lack of diligence; (3) the evidence is material (i.e., not impeaching, cumulative, or doubtful); and (4) the evidence would probably produce a more favorable result on retrial. *Rainer v. State,* 566 N.W.2d 692, 695 (Minn.1997). This test is also applicable when, as here, the petitioner's claim is based on evidence that is technically "newly available," rather than "newly discovered." *State v. Warren,* 592 N.W.2d 440, 450 (Minn.1999).

The postconviction court concluded that Whittaker could not satisfy the *Rainer* newly-discovered evidence test in part because the information in Baldwin's affidavit was known to Whittaker at the time of trial, given that "the evidence clearly shows that [Whittaker] and Baldwin were arrested together" on the night of the murder. Whittaker asserts on appeal that the information in Baldwin's affidavit was unknown to him at the time of trial and necessitates a new trial under *Rainer.*[2]

■ As our precedent makes clear, the statement of an individual who refused to testify at trial is not "unknown" for the purposes of *Rainer* if, at the time of trial,

the petitioner knew the substance of the testimony that individual might provide. In *Warren,* for example, a witness who refused to testify at the petitioner's trial later came forward with an affidavit providing exculpatory information. 592 N.W.2d at 446–47. We concluded that the proffered evidence was not "unknown," on the ground that, "even though [the witness] may have been unavailable to testify at * * * trial because he invoked the Fifth Amendment, [petitioner] and his counsel knew the substance of the testimony [the witness] *might* provide at the time of [petitioner's] trial." *Id.* at 450 (emphasis added).[3] Further, testimony cannot be "unknown" if the petitioner was admittedly present at the time of the events the witness purports to describe. This principle is illustrated by *Pierson v. State,* in which the petitioner offered the testimony of a witness who had participated in the crimes of which the petitioner was accused. 637 N.W.2d 571, 577 (Minn.2002). We held that the witness's testimony was not unknown at the time of trial, observing that the petitioner and witness "were together" during the events in question and, therefore, the petitioner "undoubtedly knew that [the witness] had information regarding [petitioner's] involvement in those events." *Id.* We further explained that, under *Warren,* this analysis was not al-

---

2. A due process claim based on Baldwin's affidavit was also asserted below, but was not addressed by the district court and appears to have been abandoned on appeal.

3. A number of federal courts have reached similar conclusions. *See United States v. Dale,* 991 F.2d 819, 838–39 (D.C.Cir.1993) ("The unanimous view of circuits that have considered the question is that [the requirement that the evidence be discovered after trial] is not met simply by offering the post-trial testimony of a co-conspirator who refused to testify at trial."); *see also United States v. Reyes–Alvarado,* 963 F.2d 1184, 1188 (9th Cir.1992) (stating that post-trial state-

ment of codefendant who refused to testify at trial does not constitute newly-discovered evidence); *United States v. Offutt,* 736 F.2d 1199, 1202 (8th Cir.1984) (same); *United States v. Jacobs,* 475 F.2d 270, 286 n. 33 (2d Cir.1973) ("[A] court must exercise great caution in considering evidence to be 'newly discovered' when it existed all along and was unavailable only because a co-defendant, since convicted, had availed himself of his privilege not to testify."); *McAteer v. United States,* 148 F.2d 992, 993 (5th Cir.1945) (holding that statement of individual who refused to testify at defendant's trial "was not newly discovered").

tered merely because the witness had refused to testify at the petitioner's trial. *Id.* at 577–78.

■ According to Baldwin's affidavit, Baldwin was with Whittaker on the night of the murder, observed Whittaker exchange jackets with the actual murderer, and spoke to Whittaker about concealing the murder weapon. As a result, Whittaker would have known at the time of trial that Baldwin, if he were to testify, might (1) explain why Whittaker was wearing the incriminatory red jacket at the time he was arrested; (2) either provide the identity of the actual murderer who gave Whittaker the jacket or confirm that Whittaker was not the murderer; and (3) provide further details regarding the events surrounding the murder. Thus, the substance of Baldwin's affidavit was not "unknown" under *Warren* and *Pierson* and cannot satisfy the first element of *Rainer*. And because Baldwin's affidavit—even when taken at face value—cannot satisfy the first element of *Rainer*, Whittaker is not entitled to an evidentiary hearing on his claim. "[A]n evidentiary hearing is unnecessary if the petitioner fails to allege facts that are sufficient to entitle him or her to the relief requested." *Leake v. State*, 737 N.W.2d 531, 535 (Minn.2007). As a result, the postconviction court did not err by denying Whittaker's petition without an evidentiary hearing, given that the record conclusively shows that Whittaker is not entitled to relief. Minn. Stat § 590.04, subd. 1.

Affirmed.

PAGE, J., took no part in the consideration or decision of this case.