896 F.Supp. 962 (1995)
UNITED STATES of America, Plaintiff,
v.
Donald L. JERKE, Roger J. Raether, Russell D. Hawkins, Defendants.
Crim. No. 95-40012.
United States District Court, D. South Dakota, Southern Division.
August 3, 1995.
*963 Ted L. McBride, U.S. Attorney's Office, Rapid City, SD, John J. Ulrich, U.S. Attorney's Office, Sioux Falls, SD, for plaintiff.
Daniel P. Johnson, Sioux Falls, SD, for Donald L. Jerke.
Frank E. Denholm, Denholm, Glover & Britzman, Brookings, SD, for Roger J. Raether.
James E. McMahon, Gregg S. Greenfield, Boyce, Murphy Law Firm, Sioux Falls, SD, for Russell Hawkins.

MEMORANDUM OPINION AND ORDER
PIERSOL, District Judge.
On June 2, 1995, a jury convicted defendants Russell D. Hawkins and Roger J. Raether of conspiracy to commit an offense against the United States under 18 U.S.C. § 371. The jury also convicted defendant Raether of making a false statement to a government agency under 18 U.S.C. § 1001. Both defendants move for judgment of acquittal or, in the alternative, for a new trial, raising several grounds. In an amended motion, defendant Hawkins argues that a new trial is compelled by the Supreme Court's recent decision in United States v. Gaudin, ___ U.S. ___, 115 S.Ct. 2310, 132 L.Ed.2d 444 (1995), holding that materiality of a false statement is an essential element of a false statement crime charged under section 1001, and that the jury, not the court, must determine whether the false statement was material.[1]
At the time of trial in this matter, the Gaudin case was pending in the Supreme Court. The Court found at trial as a matter of law, following Eighth Circuit precedent, United States v. Whitaker, 848 F.2d 914, 915-16 (8th Cir.1988), that defendant Raether's alleged false statement was material and consequently, the Court instructed the jury that "[t]he materiality of the statement alleged to be false is not a matter with which you are concerned and should not be considered by you[.]" Instruction No. 21. Encouraged by Chief Justice Rehnquist's concurrence in Gaudin, the government argues that this Court's instruction to the jury was harmless error that does not require acquittal or retrial of defendants Hawkins and Raether. Defendants argue that harmless error analysis cannot apply in this case.
Under the Sixth Amendment to the United States Constitution, the accused enjoys the right to a speedy and public trial by an impartial jury. This right to trial by jury is fundamental to the American scheme of justice, and includes, as its most important element, the right to have the jury, and not *964 the trial judge, reach the required finding of guilt. Sullivan v. Louisiana, ___ U.S. ___, ___, 113 S.Ct. 2078, 2080, 124 L.Ed.2d 182 (1993); Duncan v. Louisiana, 391 U.S. 145, 149, 88 S.Ct. 1444, 1447, 20 L.Ed.2d 491 (1968). While a judge may direct a verdict for the defendant if the evidence is legally insufficient to establish guilt, the judge may not direct a verdict for the government, no matter how overwhelming the evidence of guilt. Sullivan, ___ U.S. at ___, 113 S.Ct. at 2080. The Fifth Amendment Due Process Clause prescribes what the factfinder must determine to return a verdict of guilty. Id. The government bears the burden to prove all elements of the offense charged, and must persuade the jury beyond a reasonable doubt of all of the facts necessary to establish each element. Id.; In re Winship, 397 U.S. 358, 364, 90 S.Ct. 1068, 1072, 25 L.Ed.2d 368 (1972) (per curiam). These constitutional protections are interrelated, such that the jury verdict required by the Sixth Amendment is a jury verdict of guilty beyond a reasonable doubt. Sullivan, ___ U.S. at ___, 113 S.Ct. at 2081. In Gaudin, the Supreme Court unanimously held that these important constitutional precepts were violated in a case where the trial court, and not the jury, decided the issue of materiality, which is an essential element of the crime charged.[2] The government does not dispute that the instruction given in this case is likewise unconstitutional under the Gaudin decision.
In Chapman v. California, 386 U.S. 18, 87 S.Ct. 824, 17 L.Ed.2d 705 (1967), the Supreme Court rejected the view that all federal constitutional errors in the course of a criminal trial require reversal. The Chapman standard recognizes that certain constitutional errors may be harmless in terms of their effect on the factfinding process at trial. Delaware v. Van Arsdall, 475 U.S. 673, 681, 106 S.Ct. 1431, 1436, 89 L.Ed.2d 674 (1986). "Although most constitutional errors have been held amenable to harmless-error analysis, see Arizona v. Fulminante, 499 U.S. [279], 111 S.Ct. 1246, 1252 [113 L.Ed.2d 302] (1991) ..., some will always invalidate the conviction[,]" such as total deprivation of the right to counsel or trial by a biased judge. Sullivan, ___ U.S. at ___, 113 S.Ct. at 2081 (citations omitted). The question here, as in Sullivan, is into which category the instructional error belongs.
"Consistent with the jury-trial guarantee, the question [Chapman] instructs the reviewing court to consider is not what effect the constitutional error might generally be expected to have upon a reasonable jury, but rather what effect it had upon the guilty verdict in the case at hand." Id. Harmless-error review looks to the basis upon which the jury actually rested its verdict. Id. (citing Yates v. Evatt, 500 U.S. 391, 403, 111 S.Ct. 1884, 1893, 114 L.Ed.2d 432 (1991)). Where there "has been no jury verdict within the meaning of the Sixth Amendment, the entire premise of Chapman review is simply absent." Id. ___ U.S. at ___, 113 S.Ct. at 2082. In other words, where the jury has not rendered a verdict on an issue, the question whether the same verdict would have been rendered absent the constitutional error is "utterly meaningless." Id. Cf. Carella v. California, 491 U.S. 263, 266-67, 109 S.Ct. 2419, 2421, 105 L.Ed.2d 218 (1989) (per curiam) (reversing and remanding to permit the lower court to consider harmless error where mandatory presumptions in instructions foreclosed jury consideration of whether facts proved certain elements of the offenses); Rose v. Clark, 478 U.S. 570, 580, 106 S.Ct. 3101, 3107, 92 L.Ed.2d 460 (1986) (holding that harmless error analysis could apply to erroneous malice instruction which stated that all homicides are presumed to be malicious in absence of evidence that would rebut implied presumption). In this case, the jury did not render a verdict on the issue of materiality, as the Court decided that issue as a matter of law and instructed the jury not to consider the question. Thus, under Sullivan and Yates, the Court holds that harmless error analysis cannot apply. The Eighth Circuit's older decision in Redding v. Benson, 739 F.2d 1360 (8th Cir.1984), cert. *965 denied, 469 U.S. 1222, 105 S.Ct. 1210, 84 L.Ed.2d 352 (1985), that harmless error analysis can apply when a jury is not instructed on an essential element of the offense, is expressly limited to its facts and is distinguishable because the trial court submitted to the jury the issue of property value, even though the court failed to instruct that the value had to exceed $1,000.00. Finally, in light of the Supreme Court's determination in Gaudin that materiality is an essential element of the crime that must be submitted to the jury, the Court determines that the failure to submit the element to the jury is the type of "structural error" to which harmless error analysis does not apply. See Arizona v. Fulminante, 499 U.S. 279, 286, 289, 111 S.Ct. 1246, 1252, 1254, 113 L.Ed.2d 302 (1991).
The foregoing analysis requires the Court to set aside defendant Raether's conviction under 18 U.S.C. § 1001, as charged in Count II of the Indictment, and to grant his motion for a new trial on that count. The Court must next consider whether the analysis outlined above requires the Court to set aside the convictions of defendants Hawkins and Raether on conspiracy to commit an offense against the United States under 18 U.S.C. § 371, as charged in Count I of the Indictment.
The defendants do not argue in their post judgment motions that the Court improperly instructed the jury on the four essential elements of the offense of conspiracy (which offense does not include the element of materiality), Instruction No. 26, or that the Court improperly instructed the jury that the defendants were charged with committing one of two offenses against the United States, that is, false statement or concealment under 18 U.S.C. § 1001, or conversion of tribal property of a value in excess of $100 under 18 U.S.C. § 1163. Instruction No. 24. Defendants also do not argue that the Court erred in instructing the jury that convictions could be returned on Count I if the government proved beyond a reasonable doubt a conspiracy to commit one of the two offenses. Instruction No. 25.
To the extent that the conspiracy convictions rested on a false statement violation under section 1001, the Court would agree that Gaudin and the inapplicability of harmless error analysis, as discussed above, would require the Court to set aside the convictions and grant new trials. This is especially so because the Court instructed the jury that it could consider the false statement elements instruction in determining whether the defendants conspired to commit a section 1001 offense against the United States. Instruction No. 27. Materiality is not an essential element of the crime of converting tribal property, Instruction No. 27, and thus, a conspiracy conviction premised upon violation of section 1163 is not susceptible to reversal based upon the holding in Gaudin. It is not possible to tell, however, from the verdict form returned by the jury whether the conspiracy convictions of defendant Hawkins and Raether rested on violation of section 1001 or section 1163. Thus, the Court will not presume that the jury convicted the defendants on the basis of a section 1163 violation.
In light of the foregoing analysis, the Court need not consider defendants' remaining grounds for judgment of acquittal or for new trial. Accordingly,
IT IS ORDERED:
(1) that defendant Hawkins's alternative motion for a new trial (Doc. 68) and his amended alternative motion for a new trial (Doc. 77) are granted, and his motion for judgment of acquittal and amended motion for judgment of acquittal are denied for the reasons stated. (Docs. 68, 77.)
(2) that defendant Raether's alternative motion for a new trial is granted and his motion for judgment of acquittal is denied for the reasons stated. (Doc. 69.)
NOTES
[1] Because defendant Raether orally joined motions for judgment of acquittal made by defendant Hawkins during trial and in his written motion, (Doc. 69), the Court will proceed as if both defendants are relying upon Gaudin as a basis for judgment of acquittal or for new trial.
[2] In so holding, the Supreme Court adopted the singular view of the United States Court of Appeals for the Ninth Circuit and repudiated the rule adopted by ten federal circuits that materiality under section 1001 is a question of law for the court. See United States v. Gaudin, 28 F.3d 943, 955 (9th Cir.1994) (en banc) (Kozinski, J., dissenting, & cases cited therein).