United States Court of Appeals,

Eleventh Circuit.

No. 95-4207

Non-Argument Calendar.

UNITED STATES of America, Plaintiff-Appellee,

v.

Fernand TOUSSAINT, Defendant-Appellant.

June 12, 1996.

Appeal from the United States District Court for the Southern District of Florida. (No. 94-0305 CR-SH), Shelby Highsmith, Judge.

Before TJOFLAT, Chief Judge, and KRAVITCH and COX, Circuit Judges.

TJOFLAT, Chief Judge:

Fernand Toussaint appeals his convictions for conspiracy to make materially false statements to the Small Business Administration ("SBA") in violation of 18 U.S.C. § 371 (Count I), and for making false statements to the SBA in violation of 18 U.S.C. § 1001 (Count II). He also appeals the sentences he received.[1] We affirm.

I.

Toussaint seeks a new trial on both counts of the indictment because the district court, in charging the jury on the elements of the alleged offenses, failed to instruct the jury that it could not convict appellant of either offense unless it found that the false statements he allegedly made to the SBA were "material." *See United States v. Gaudin,* --- U.S. ----, ----, 115 S.Ct. 2310, 2320,

[1]Toussaint received concurrent 30-month prison sentences, to be followed by two concurrent three-year terms of supervised release, and was ordered to pay a $5,000 fine ($2,500 per count) and a $100 assessment.

132 L.Ed.2d 444 (1995). Toussaint did not object at trial to the court's failure to submit the materiality issue to the jury; accordingly, we review for plain error. *See United States v. Kramer,* 73 F.3d 1067, 1074 (11th Cir.1996). In short, Toussaint must demonstrate that the district court's failure to submit the issue of materiality to the jury "affected his substantial rights (that is, affected the outcome of his trial)." *Id.*

*Gaudin* does not apply to the Count I offense; materiality is not an element of a section 371 offense. Moreover, regardless of whether materiality is an element of a section 371 or a section 1001 offense, we conclude that Toussaint has failed to show that the failure to submit the issue of materiality to the jury affected the outcome of his trial. The statements in question were made by Toussaint in a disaster loan application to the SBA. Toussaint stated that he had suffered physical losses of over $360,000 as a result of damage caused by Hurricane Andrew; in fact, Toussaint had suffered no losses. Had the SBA believed his false representations, it would have given Toussaint a disaster loan in an amount in excess of $360,000. The materiality of Toussaint's statements was self-evident, uncontested, and unrefuted. We have no doubt that the jury would have found the statements material, had it been called upon to decide the issue. In sum, there is no plain error in this case.

## II.

Toussaint's scheme was uncovered while his loan application was being processed; hence, the SBA suffered no actual loss. The district court, however, found that Toussaint fully intended that

a loss occur—that is, Toussaint had no intention of paying off the loan.  At sentencing, the court stated:

> This Court has observed on more than even several occasions in recent months that this nation is sorely beset with this type of fraud.  For the record, I do not find the explanation of the defendant credible.  I did not find his explanation during the course of trial ... credible.  I am in full accord with the verdict of the jury....  Mr. Toussaint, I do not accept your explanation that you never intended to impose some sort of fraud upon the government of the United States.  I think that was your intention from the very beginning.

Accordingly, the district court increased Toussaint's base offense levels by nine levels because Toussaint intended that the SBA incur a loss in the amount of the contemplated disaster loan.  *See* U.S.S.G. § 2F1.1(b)(1)(J) (1995).[2]

Toussaint contends that unless a loss has actually occurred, a sentencing court is precluded from considering any loss that he may have intended.  As Toussaint states in his reply brief, an "offense adjustment [under section 2F1.1, *see* § 2F1.1 comment. (n. 7) (1995) ] depends *solely* on ... whether certain dollar amounts were lost.  It is only after eligibility for an offense adjustment based on some actual dollar loss has been established that intended harm in excess of that amount may be considered."  We disagree.

The district court's interpretation of the Sentencing Guidelines is a question of law which we review *de novo. United States v. Goldberg,* 60 F.3d 1536, 1538-39 (11th Cir.1995).  The calculation of amount of loss for sentencing purposes is a factual

---

[2]U.S.S.G. § 2F1.1(a) sets the base offense level at 6 for crimes involving fraud and deceit.  In addition to the 9-point increase for the amount of loss intended, the court added two points to the base offense level because the offense required more than minimal planning, *see* § 2F1.1(b)(2)(A).  Toussaint's total offense level was thus 17.

determination reviewable for clear error. *United States v. Menichino,* 989 F.2d 438, 440 (11th Cir.1993).

The commentary to section 2F1.1 instructs that "[i]n fraudulent loan application cases ... the loss is the actual loss to the victim (or if the loss has not yet come about, the expected loss).... [W]here the intended loss is greater than the actual loss, the intended loss is to be used." U.S.S.G. § 2F1.1, comment. (n. 7) (1995). Nowhere does the commentary require or even suggest that some actual loss must occur before any intended loss may be considered. In fact, the plain language indicates that the contrary is true. It strikes us as improper to reward a defendant with a lesser punishment because of the fortuity that he was caught before he was able to cause the victim to suffer the loss. The fact that no loss occurred is immaterial to the inquiry of whether Toussaint intended to keep the loan amount; it is this intent, whether or not brought to fruition, that the enhancement is meant to address.

Our precedent also dictates this conclusion. In *United States v. Menichino,* 989 F.2d 438 (11th Cir.1993), the defendant obtained a fraudulent appraisal for his power boat. An undercover agent who was to purchase the boat had asked Menichino to procure a higher appraisal value so that the agent could then use it to secure a loan from a bank. Despite that no loan was ever issued and that therefore "there was no actual loss," *id.* at 442, we found that the district court properly enhanced Menichino's sentence under section

2F1.1.[3]

The district court found that Toussaint intended to pocket the entire amount of the loan. This finding is supported by the evidence, and is not clearly erroneous. Because Toussaint intended that the government sustain a loss in the amount of the loan he was seeking from the SBA, it was proper for the district court to consider the full amount of the prospective loan as the "loss" for purposes of section 2F1.1.

AFFIRMED.

---

[3]There was no evidence in *Menichino* that the defendant believed the loan would never be repaid. The district court instead justified the enhancement on the ground that "[p]roof that the defendant intentionally induced a bank to unknowingly subject itself to the risk of default is sufficient to establish that the defendant intended to cause a loss." *Id.* at 442. Counsel for Toussaint attempts to distinguish *Menichino* because "this form of loss calculation does not apply when, in cases such as this, *the purpose of the loan is for disaster relief and the loan is made by a government agency precisely because the risk exposure is one which would not be assumed by a private lender.*" Even assuming this is true, we are not relying on *Menichino* for the manner in which it calculates losses; rather, the district court's enhancement in this case was based on the more basic proposition that the defendant never intended to pay back the loan, and thus the loan amount is the loss. *Menichino* does support the proposition that irrespective of the manner in which intended loss is calculated, it may form the basis of an enhancement even in the complete absence of actual loss.