[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 05-16533

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
FEB 12, 2007
THOMAS K. KAHN
CLERK

D. C. Docket No. 05-60072-CR-JIC

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

ORIN CORT,
a.k.a. Tallman,
DONOVAN WALTERS,
a.k.a. Steel,
JEHSON JESSIAH,
a.k.a. Jason,
PRINCE TAYLOR,
DERRICK THOMPSON,
a.k.a. Brown Boy,

Defendants-Appellants.

_____

Appeals from the United States District Court
for the Southern District of Florida

_____

**(February 12, 2007)**

Before BLACK, BARKETT and KRAVITCH, Circuit Judges.

PER CURIAM:

Appellants, Orin Cort, Donovan Walters, Jehson Jessiah, Prince Taylor, and Derrick Thompson, appeal their convictions and sentences for conspiracy to import into the United States at least five kilograms of cocaine, in violation of 21 U.S.C. § 963, and conspiracy to possess with the intent to distribute at least five kilograms of cocaine, in violation of 21 U.S.C. § 846. After hearing oral argument, considering the parties' briefs, and reviewing the record on appeal, we find no reversible error.

Cort, Walters, Jessiah, and Thompson contend the Government's evidence was insufficient to support their convictions. We review *de novo* whether the evidence was sufficient to support the jury's verdict, viewing the evidence in the light most favorable to the Government. *United States v. Miles*, 290 F.3d 1341, 1355 (11th Cir. 2002). After a thorough review of the record, we conclude the evidence was sufficient to support each of the convictions.

Cort, Walters, Jessiah, and Thompson also contend the district court abused its discretion by admitting eight kilograms of cocaine into evidence. "Evidentiary rulings are reviewed for abuse of discretion." *United States v. Range*, 94 F.3d 614, 620 (11th Cir. 1996). The district court did not abuse its discretion by admitting the eight kilograms of cocaine found on the *Discovery.*

2

Cort, Walters, Jessiah, and Thompson further contend the district court erred by failing to repeat to the jury its instruction about demonstrative exhibits. We review objections that were not raised at trial for plain error. *United States v. Toussaint*, 84 F.3d 1406, 1407 (11th Cir. 1996). The district court instructed the jury on demonstrative exhibits at the time the exhibits were used and did not plainly err by not repeating its explanation during the jury instructions.

Jessiah alone contends the district court erred by admitting his post-arrest statements.[1] We review a district court's denial of a motion to suppress under a mixed standard; we review the district court's findings of fact under the clearly erroneous standard and the district court's application of law to those facts *de novo*. *United States v. Gil*, 204 F.3d 1347, 1350 (11th Cir. 2000). The district court did not err by adopting the magistrate judge's findings of fact, which were not clearly erroneous. Further, there was no error in the district court's application of law to those facts.

Jessiah also contends the district court abused its discretion by denying his motion for mistrial. We review a district court's refusal to grant a mistrial for abuse of discretion. *United States v. Perez*, 30 F.3d 1407, 1410 (11th Cir. 1994).

---

[1]Jessiah also asserted a claim of ineffective assistance of counsel, which is not addressed by this Court. *See United States v. Perez-Tosta*, 36 F.3d 1552, 1563 (11th Cir. 1994).

The district court did not abuse its discretion by denying Jessiah's motion for mistrial.

Jessiah further contends the district court erred by applying an obstruction of justice enhancement to his sentence. In reviewing a district court's imposition of a sentence enhancement for obstruction of justice, we review factual findings for clear error and the application of the Sentencing Guidelines to those facts *de novo*. *United States v. Uscinski*, 369 F.3d 1243, 1246 (11th Cir. 2004). The district court did not clearly err by finding Jessiah lied while under oath and did not err by applying the obstruction of justice sentence enhancement.

Each Appellant challenges his sentence based on the quantity of cocaine the district court used to calculate the Guidelines ranges.[2] "We review a sentencing court's drug quantity determination for clear error." *United States v. Mertilus*, 111 F.3d 870, 873 (11th Cir. 1997). Our review of the district court's application of the Sentencing Guidelines is for plain error when an appellant did not object at sentencing. *United States v. Rodriguez*, 398 F.3d 1291, 1296 (11th 2005). When an appellant preserved the objection, we review the claim *de novo*. *United States v. Ellis*, 419 F.3d 1189, 1192 (11th Cir. 2005). The district court did not err by

---

[2] Taylor also challenged an alleged enhancement for a supervisory role, but the district court upheld his objection at sentencing and did not impose the enhancement.

4

imposing a sentence based on a quantity of cocaine the district court determined by a preponderance of the evidence because the sentences were within the statutory maximum for the crimes for which the jury found Appellants guilty.

**AFFIRMED.**